FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 19 2007

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

Corinne Altheimer
P.O. Box 242182
Little Rock, AR 72223
(Name of plaintiff or plaintiffs)

v.    CIVIL ACTION NO. 4-07-CV-00045 JLH
(case number to be supplied by the assignment clerk)

Hosto & Buchan Law Firm
701 W. 7th Street
Little Rock, AR 72203
(Name of defendant or defendants)

This case assigned to District Judge Holmes
and to Magistrate Judge Jones

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, Corinne Altheimer, is a
(name of plaintiff)
citizen of the United States and resides at 3 White Fir Cove,
(street address)
Little Rock, Pulaski, AR, 72212,
(city)    (county)    (state)    (ZIP)
501-650-6877.
(telephone)

3. Defendant, ~~Brown Hosto~~ Hosto & Buchan Law Firm, lives at, or its
(name of defendant)
business is located at 701 W. 7th Street, Little Rock,
(street address)    (city)
~~Pulaski~~, Arkansas, 72203.
(county)    (state)    (ZIP)

4. Plaintiff sought employment from the defendant or was employed by the

defendant at __701 W. 7H St.__ , __Little Rock__ ,
(street address)                        (city)
__Pulaski__ , __Arkansas__ , __72203__ .
(county)      (state)      (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about __October__ _____ __2005 to present__
(month)      (day)      (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about __August__ _____ __2006__ .
(month)      (day)      (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on __10__ __28__ __2006__ , a copy of which notice
(month)   (day)   (year)
is attached to this complaint.

8. Because of plaintiff's (1) __✓__ race, (2) _____ color, (3) _____ sex, (4) _____ religion, (5) _____ national origin, defendant:

   (a) _____ failed to employ plaintiff.

   (b) _____ terminated plaintiff's employment.

   (c) __✓__ failed to promote plaintiff.

   (d) __due to retaliation__

   _____

   _____

   _____

   _____

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: _(See attached)_ 

_____

_____

_____

_____

_____

_____

_____

10. The acts set forth in paragraph 9 of this complaint:

    (a) ✓ are still being committed by defendant.

    (b) _____ are no longer being committed by defendant.

    (c) ✓ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) _____ Defendant be directed to employ plaintiff, and

    (b) _____ Defendant be directed to re-employ plaintiff, and

    (c) ✓ Defendant be directed to promote plaintiff, and

    (d) _____ Defendant be directed to _____

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_Corinne Altheimer_
SIGNATURE OF PLAINTIFF

DATE: 1-19-2007

# UNITED STATES FEDERAL COURT

EEOC Charge No.
493-2006-02135

Corinne Altheimer
P.O. Box 242182
Little Rock, AR. 72223

Employer:
Hosto & Buchan Law Firm, PLLC
P.O. Box 3397
Little Rock, AR.72203
Mr. Bryan Hosto

1. Come Plaintiff Corinne Altheimer complaint against Hosto & Buchan for denial of opportunity for supervisory position given to white employees.

2. In October 2005, Bryan Hosto called a meeting of the Litigation Department to announce reorganization of the department. In addition, Mr. Hosto announced there would be opportunities for supervisory positions, anyone interested to declare their desire to advance. Mr. Hosto did not distribute or announce any qualifications for the positions.

3. Approximately 7 months prior to this meeting, I inquired to the former Human Resource Manager, Jesse Jette, about unfairness in the Litigation department by the former manager Terri Singleton.

4. Jesse Jette informed me I was being "targeted by upper management," and as a result she stated they would not provide me an opportunity to advance at Hosto & Buchan.

5. Retaliation is the primary reason for my being denied the opportunity of a supervisory position. Other reasons by the company is a cover-up for the truth. Mrs. Jesse Jette, former Human Resource Manager, told me on many occasions upper management view me in a negative way due to my complaints about harassment and unfair treatment of employees.

As a result of my denial of advancement, I seek:

1. A supervisory position for the Bankruptcy Team.
2. An increase in salary.
3. The same benefits as other supervisors in Litigation.
4. Attorney fees
5. Punitive damages

U. S. Equal Employment Commission
Little Rock Area Office

No. 493-2006-02135

DATE: October 16, 2006

From: Corinne Altheimer
11810 Pleasant Ridge Rd, #701
Little Rock, AR 72223

RECEIVED
OCT 16 2006
U.S. EEOC
LRAO

1. The determination by EEOC dated: 10/04/2006 is incorrect. Hosto & Buchan tried to settle with me at work in order for me to drop by claim with EEOC, but we could not agree on all items. Bryan Hosto did not choose to come to EEOC for Mediation, but was trying to Mediate with me at work. Two Attorneys I spoke with both agreed the Company would not try to settle with me unless they knew Wrong was done on their part. I told Byran Hosto my Attorney agreed to come to Mediation at EEOC, but Hosto & Buchan would not agree to come to your office.

2. The reasons given by Hosto & Buchan for my being denied to Opportunity is not correct. Some white employees were offered the Opportunity and given the position when they did not know any of the duties of the persons they supervised. The employees could not ask the Supervisor any questions, because she did not know the procedures to answer. I was offered to separate the Bankruptcy Department with me as the only employee in the Department. But, I was not guaranteed I would Supervisor the Department if it grew even though I have over 2 years of Bankruptcy experience, and special certification. In addition, I have already learned two other positions outside the Bankruptcy area.

3. The Meeting on February 2, 2006. Bryan Hosto first inquired that he was told I was upset during my discussion with Colleen Martin, and Terri Singleton on January 19, 2006. I discussed with Colleen Martin that Terri Singleton had been harassing and discriminating against Sheena Lewis for months. In the Memo I gave her (which is in my Personnel File, I gave a copy to the Former HR Director, Jessie Jette immediately after I left Colleen Martins's Office) I only requested that she inform Management and for it to cease. Instead they fire Sheena the same afternoon. The reason I did not give details is because Ms.

Jessie Jette had spoken to Bryan Hosto for over a year about the unfairness by Terri Singleton but nothing was done. Sheena (who is my daughter) and I were warned by 2 individuals a week prior that Terri Singleton and Jennifer Thornton were getting false information together to fire her. These individuals were correct in their warning to us.

NOTE: The fact she is my daughter is not a major factor. There are White Supervisors at Hosto & Buchan who supervisor their friends.

4. The statement in your letter about Terri writing me up is a Notice I would not sign because it was not true. Terri Singleton has a history of writing Employees up on false information. She was a dishonest Supervisor. Ms. Jessie knew this and she understood why I did not sign it.

5. I was being targeted and watch by Managers. I was told this by the Former HR Director, Jessie Jette, and another Employee Amada Davenport. Amanda was question by Terri Singleton about talking to me. Terri told her Management has seen her talking to me, she also stated Management had also given a label to me. This is because I was not passive about the mistreatment at the Firm, Ms. Jesse Jette the Former HR Director was aware of the unfairness. Ms. Jette was offered a position in HR for a State Agency in January 2005, but chose to stay at Hosto & Buchan to help employees against the unfairness she witnessed and knew. I have been in Professional Positions in the Human Resource, and Banking. I know unfairness in the work place. Because I question and tried to stop abuse being done to others I was targeted by Management at Hosto & Buchan.

*Corinne Attheimer*

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Corinne Althelmer<br>11810 Pleasant Ridge Dr., #701<br>Little Rock, AR 72212 | From: | Little Rock Area Office - 493<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2006-02135 | Tamra L. Glover,<br>Investigator | (501) 324-5458 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Wanda Milton /VP           OCT 2 3 2006

Enclosures(s)              Wanda Milton,           *(Date Mailed)*
                           Acting Director

cc: Bryan Hosto                          Mark Peoples (Respondent Attorney)
    Co-Owner                             Attorney at Law
    HOSTO & BUCHAN P.L.L.C.              P.O. Box 25323
    701 W. 7th                           Little Rock, AR 72221-5323
    Little Rock, AR 72203

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*