UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CORRINE ALTHEIMER**                                                                                   **PLAINTIFF**

v.                                                              *CASE NO. 4-07-CV-00045 JLH*

**HOSTO & BUCHAN LAW FIRM**                                                          **DEFENDANT**

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now Hosto & Buchan, P.L.L.C ("H&B"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses states as follows:

1.  In answering paragraph 1 of the complaint, H&B admits the plaintiff purports to bring this action and invoke this court's jurisdiction pursuant to the statutes and laws listed therein. H&B denies that an action lies against H&B under Title VII of the Civil Rights Act of 1964 or any other state or federal law. H&B denies jurisdiction of this court is properly invoked. H&B denies that the Complaint entitles plaintiff to equitable relief or to any relief whatsoever. To the extent paragraph 1 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 1 of the complaint are denied.

2.  In answering paragraph 2 of the complaint, H&B is without sufficient knowledge on which to admit or deny the allegations of such paragraph and thus must deny such allegations. To the extent paragraph 2 of the complaint alleges or purports to allege violation by H&B of

Case 4:07-cv-00045-JLH   Document 7   Filed 02/01/07   Page 2 of 6

Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 2 of the complaint are denied.

3. In answering paragraph 3 of the complaint, H&B denies knowledge of the existence of any entity called "Hosto & Buchan Law Firm" and/or that any such entity resides at the address listed in paragraph 3. To the extent paragraph 3 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 3 of the complaint are denied.

4. In answering paragraph 4 of the complaint, H&B denies knowledge of the existence of any entity called "Hosto & Buchan Law Firm" and/or that any such entity does now or ever has employed the plaintiff. H&B states affirmatively that plaintiff is an employee of Hosto & Buchan, P.L.L.C. To the extent paragraph 4 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 4 of the complaint are denied.

5. In answering paragraph 5 of the complaint, H&B is without sufficient knowledge on which to admit or deny the allegations of such paragraph to the extent they relate to any entity known as Hosto & Buchan Law Firm. To the extent the allegations of paragraph 5 are read as referring to Hosto & Buchan, P.L.L.C., such allegations are denied. To the extent paragraph 5 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 5 of the complaint are denied.

PAGE 2 OF 6 PAGES

6.     In answering paragraph 6 of the complaint, H&B is without sufficient knowledge on which to admit or deny such allegations and thus must deny them. To the extent paragraph 6 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 6 of the complaint are denied.

7.     In answering paragraph 7 of the complaint, H&B is without sufficient knowledge on which to admit or deny such allegations and thus must deny them. To the extent paragraph 7 of the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of paragraph 7 of the complaint are denied.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     To the extent the complaint alleges or purports to allege violation by H&B of Title VII of the Civil Rights Act of 1964 or any other state or federal law, such allegation is denied. Unless expressly admitted herein, all allegations of the complaint are expressly denied.

WHEREFORE, without admitting any of the allegations of plaintiff's complaint which have previously been denied, and without waving any of the foregoing, H&B states the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

13.     Plaintiff's actions or inactions preclude assertion of plaintiff's present claims.

## SECOND AFFIRMATIVE DEFENSE

14. H&B avers plaintiff has failed to mitigate any claim for damages and/or backpay.

## THIRD AFFIRMATIVE DEFENSE

15. Any actions or omissions by H&B alleged by plaintiff to be in violation of state or federal law were motivated by legitimate, non-discriminatory reason(s).

## FOURTH AFFIRMATIVE DEFENSE

16. H&B avers actions taken with respect to plaintiff were taken in good faith without intent to discriminate.

## FIFTH AFFIRMATIVE DEFENSE

17. H&B avers this action is frivolous, unreasonable, and groundless, and accordingly, plaintiff should be required to pay H&B its reasonable attorney's fees and other costs associated with the defense of this action.

## SIXTH AFFIRMATIVE DEFENSE

18. H&B avers plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

19. H&B avers plaintiff's claims and the remedies sought are barred by the principle of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

20.   Plaintiff fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

21.   To the extent plaintiff complains of acts or omissions that occurred more than 180 days prior to the valid and timely filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission, such claims are barred by the applicable statute of limitations and this court lacks jurisdiction over such allegations.

## TENTH AFFIRMATIVE DEFENSE

22.   H&B avers insufficiency of process.

## ELEVENTH AFFIRMATIVE DEFENSE

23.   H&B avers insufficiency of service of process.

## TWELFTH AFFIRMATIVE DEFENSE

24.   This court lacks jurisdiction over any claim and/or allegation in the Complaint which was not the subject of a timely and properly filed charge of discrimination with the EEOC.

## THIRTEENTH AFFIRMATIVE DEFENSE

25.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

26.   H&B affirmatively pleads any and all defenses which may be applicable to this

claim pursuant to Federal Rule of Civil Procedure 8(c).

## FIFTEENTH AFFIRMATIVE DEFENSE

27. Damage, if any, suffered by the plaintiff is the result of her own conduct and not that of H&B.

WHEREFORE, Hosto & Buchan, P.L.L.C. reserves the right to plead further as discovery and investigation of the matter progress, and to add counter-claims and affirmative defenses. H&B prays for dismissal of the complaint with prejudice in its entirety, for an award of its attorney's fees, expenses, and costs, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

MARK ALAN PEOPLES, PLC
P.O. Box 25323
Little Rock, Arkansas 72221-5323
(501) 217-9696
(501) 221-0633 (fax)

By: _____
Mark Alan Peoples
Ark. Bar No. 90005

## CERTIFICATE OF SERVICE

I, Mark Alan Peoples, do hereby certify that I mailed a copy of the above and foregoing Answer and Affirmative Defenses to Ms. Corinne Altheimer, 3 White Fir Cove, Little Rock, AR 72212 on this **1st** day of February 2007.

_____
Mark Alan Peoples

**PAGE 6 OF 6 PAGES**