IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CORINNE ALTHEIMER                                                                                          PLAINTIFF

v.                                                      No. 4:07CV00045 JLH

HOSTO & BUCHAN LAW FIRM                                                                          DEFENDANT

**OPINION AND ORDER**

Corinne Altheimer brought this action against the law firm of Hosto & Buchan P.L.L.C., asserting claims of race discrimination and retaliation pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964). The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is the defendant's motion for summary judgment. For the following reasons, that motion is granted.[1]

**I.**

A court should enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). *The moving party bears the initial responsibility*

---

[1] Hosto & Buchan asserts in its motion for summary judgment that Altheimer has brought a claim alleging age discrimination. However, the Court can find no such claim in Altheimer's complaint. Therefore, the Court's opinion and order will address only those portions of Hosto & Buchan's motion dealing with Altheimer's claims of race discrimination and retaliation.

of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

Altheimer began working for Hosto & Buchan in July 2004 as its bankruptcy coordinator, which is part of the Litigation Department. Altheimer's duties included entering all notices of bankruptcy into the firm's database, ensuring that proper codes were entered to comply with applicable law, and assuring that all appropriate personnel were notified of a bankruptcy filing. At the time of her hiring, Altheimer was the only firm employee handling such duties.

On October 17, 2005, Altheimer notified Colleen Martin, a Hosto & Buchan employee, via e-mail that she was interested in leading one of the three teams in the Litigation Department. The responsibilities and qualifications of such a position include managing employee priorities, assuring quality of data entry, communicating with internal and external parties regarding the progress of a particular file, reviewing employee attendance and time entries, monitoring performance issues,

adherence to company policies, and weekly team status reports to management, as well as recruiting and training employees.

Also on October 17, 2005, Jennifer Thornton began work for Hosto & Buchan. Bryan Hosto and Colleen Martin hired Thornton to train to become the supervisor of one of the Litigation teams. Before her employment with Hosto & Buchan, Thornton had had extensive management experience, which was considered necessary for a Litigation supervisory position. Thornton became a supervisor in the Litigation Department in January 2006.

On January 4, 2006, Altheimer again sent her October 2005 e-mail expressing interest in becoming a Litigation Department supervisor. Martin responded to Altheimer's e-mail, inquiring of her previous supervisory or legal experience, and requesting a face-to-face meeting on the subject. Altheimer then met with Martin and the Litigation Department manager, Terri Singleton, on January 9, 2006. During the meeting, Altheimer disclosed that she had no previous management or supervisor experience and had had no legal experience before she began working for Hosto & Buchan. Martin told Altheimer that she would have to gain a broader range of knowledge in the litigation process in order to be considered for a promotion in the Litigation Department. Martin also discussed possible increased responsibilities within the Litigation Department with Altheimer during the meeting.

On January 17, 2006, Altheimer sent Singleton an e-mail expressing her understanding that she was to become the leader of the bankruptcy team in the Litigation Department. According to Hosto & Buchan, this was a gross mischaracterization of the conclusions of the January 9 meeting. Singleton responded by restating what she understood to be the conclusions of the January 9 meeting – that Altheimer could begin learning new areas and tasks in the Litigation Department, which would be a necessary prerequisite to any promotion within the Litigation Department. On February 2, 2006,

Hosto and Martin met with Altheimer to discuss her concerns regarding Singleton's treatment of employees.

According to Hosto & Buchan, in an effort to follow up on the January 9 meeting with Altheimer, it attempted to help Altheimer expand the breadth of her Litigation Department experience and knowledge, beginning in late February or early March 2006. It provided Altheimer with training so that it could give her additional assignments and responsibilities. According to Hosto & Buchan, its treatment of Altheimer with respect to her employment has not been based in any way on her race or in retaliation for her complaint that she had suffered from racial discrimination at the firm. As far as the record shows, Altheimer is still employed at Hosto & Buchan.

### III.

Under Title VII, an employer cannot discharge or otherwise "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (2000). This provision prohibits, among other things, failure to promote an employee due to his or her race. *See Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109-10 (8th Cir. 1998).

When a plaintiff lacks direct evidence of discrimination, then she "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). The Eighth Circuit has defined direct evidence as "'evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the factfinder to infer that that attitude was more likely than not a motivating factor in the employer's decision.'" *Cronquist v. City of Minneapolis*,

237 F.3d 920, 925 (8th Cir. 2001) (quoting *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993)). Here, Altheimer has offered no evidence, much less direct evidence, that would meet this standard. Thus, she must carry the initial burden under the statute of establishing a prima facie case.

To establish a prima facie case of racial discrimination for a failure to promote, a plaintiff must establish the following four elements: "(1) that she was a member of a protected group; (2) that she was qualified and applied for a promotion to an available position; (3) that she was rejected; and (4) that a similarly qualified employee, not part of a protected group, was promoted instead." *Rose-Maston*, 133 F.3d at 1109. Hosto & Buchan does not dispute the first and third elements. Altheimer is a member of a protected class – she is African-American – and she was denied the promotion she sought.

However, Altheimer has failed to present evidence on the remaining two elements. As mentioned, Altheimer has presented the Court with no evidence. She has only presented the Court with the allegations contained in her complaint, which are insufficient to create a genuine issue for trial. *Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998) ("The nonmoving party may not merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial."). She failed to respond at all, much less in a timely manner, to requests for admissions submitted to her pursuant to Federal Rule of Civil Procedure 36 by Hosto & Buchan. A failure to respond in a timely manner deems the request admitted, and "[a]ny matter admitted under [Rule 36] is conclusively established . . . ." FED. R. CIV. P. 36(a)-(b); *see also Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973) ("Unanswered requests for admissions render the matter conclusively established . . . . Also a summary judgment may be based on admitted matter." (citations omitted)). While "the failure to respond [to a Rule 36 request for

admission] in a timely fashion does not require the court automatically to deem all matters admitted," *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983), such an outcome depends in the very least on the opposing party's attempt or request to respond in an untimely manner, *see generally id.*, and Altheimer made no such attempt or request.

Therefore, it has been conclusively established that Altheimer disclosed that she had "no previous management or supervisor experience and that [she] had not worked for any law firm prior to" working for Hosto & Buchan, and that such experience was a necessary qualification for the position she sought. Thus, Altheimer did not meet the minimum qualifications for the position. In addition, Altheimer has not established that Hosto & Buchan promoted a similarly qualified employee who was not a member of the protected group. While Hosto & Buchan has hired and promoted persons who are not members of the protected group, the undisputed facts show that each had the requisite training and experience to meet the minimum qualifications for the position, while Altheimer did not. Altheimer has failed to establish a prima facie case.

Had Altheimer been able to establish a prima facie case,

> the burden of production shifts at the second stage to the defendant, who must articulate some legitimate, nondiscriminatory reason for the adverse employment action. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted and "drops from the case." The burden then shifts back at the third and final stage to the plaintiff, who is given the opportunity to show that the employer's proffered reason was merely a pretext for discrimination. The plaintiff retains at all times the ultimate burden of persuading the trier of fact that the adverse employment action was motivated by intentional discrimination.

*Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1332 (8th Cir. 1996) (citations omitted). Here, Hosto & Buchan has articulated a legitimate, nondiscriminatory reason for declining to promote Altheimer to Litigation Department supervisor: she did not have the management, supervisory, or legal experience to qualify for the job. Those who were promoted had the requisite experience and

6

training. Hosto & Buchan satisfied its burden. *See Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) ("[The burden to articulate a legitimate, nondiscriminatory reason] is not onerous, nor does the explanation need to be demonstrated by a preponderance of the evidence."). The burden therefore shifts back to Altheimer to show that the employer's proffered reason was merely a pretext for discrimination. Altheimer has offered neither evidence nor argument tending to show that the stated reason for rejecting her requested promotion was a pretext for discrimination. In fact, Altheimer has admitted, by virtue of her failure to respond to Hosto & Buchan's requests for admissions, that "race was not a factor" in its business decisions with respect to her employment. There is no genuine issue of material fact as to Altheimer's claim for discrimination based on race. Summary judgment therefore should be granted on that claim. *See* FED. R. CIV. P. 56(a) (Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.")

It is also unlawful under Title VII "for an employer to discriminate against any of his employees . . . [in retaliation for opposing] any practice made an unlawful employment practice by" Title VII. 42 U.S.C. 2000e-3(a) (2000). Once again, lacking direct evidence, the Court applies the burden shifting framework set forth in *McDonnell Douglas Corp. See, e.g.*, *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1119 (8th Cir. 2006). Altheimer must carry the initial burden of establishing a prima facie case of retaliation, which includes three elements: "The plaintiff must demonstrate that he or she took part in protected conduct, that he or she was subjected to an adverse employment action, and that there exists a causal nexus between the protected conduct and the adverse action." *Id.* (citing *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 632 (8th Cir. 2005)). Altheimer has presented no evidence that she took part in protected conduct and no evidence that

there exists a causal nexus between protected conduct and Hosto & Buchan's decision not to promote her. Therefore, Altheimer has failed to establish a prima facie case. Furthermore, Hosto & Buchan has articulated a legitimate, nondiscriminatory reason for the adverse employment action – that Altheimer was unqualified for the position due to a lack of experience and training. Altheimer has failed to present evidence showing that this reason was a pretext for retaliation. There is no genuine issue of material fact as to whether Hosto & Buchan retaliated against Altheimer in violation of Title VII. Hosto & Buchan is entitled to summary judgment on the retaliation claim.

## CONCLUSION

There is no genuine issue of material fact. Altheimer has failed to establish a prima facie case of discrimination or retaliation. Moreover, she failed to demonstrate that Hosto & Buchan's legitimate, nondiscriminatory reason for declining to promote her was a pretext for discrimination or retaliation. Hosto & Buchan's motion for summary judgment is granted. Docket #19.

IT IS SO ORDERED this 18th day of September, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE